**Daniel Snyder, OSB No. 78385**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 06105**
carlpost@lawofficeofdanielsnyder.com
**John David Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

Of Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **JASON LEINENBACH,** | Case No. 3:17-cv-1703 |
| **PLAINTIFF**, | **COMPLAINT** |
| v. | **(Title I of the ADA; FMLA; pendent state claims)** |
| **WASHINGTON COUNTY, OREGON,** | |
| **DEFENDANT**. | **JURY TRIAL DEMANDED** |

### PRELIMINARY STATEMENT

1.      This is an action for damages, including compensatory damages, equitable relief, including injunctive and declaratory relief, attorney fees, costs, and interest.

2.      In this action, Plaintiff Deputy Jason Leinenbach (hereafter "Deputy Leinenbach"

PAGE 1 – COMPLAINT AND DEMAND FOR JURY TRIAL

or "Plaintiff") brings claims against Defendant Washington County, Oregon (hereafter "the County") for violations of Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112, the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., ORS 659A.112, ORS 659A.150, et seq. (OFLA), and ORS 659A.040, as well as for common law wrongful discharge. As alleged herein, the County discriminated and retaliated against Deputy Leinenbach because of his disability his taking protected medical leave and for reporting an on-the-job injury. Further, the County interfered with Deputy Leinenbach's use of medical leave and failed to engage in the interactive process or provide reasonable accommodations. Deputy Leinenbach seeks equitable relief as well as economic and non-economic damages, attorneys' fees, and costs.

## JURISDICTION

3.     This Court has subject matter jurisdiction of this lawsuit under both 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343 (civil rights jurisdiction).

4.     Venue is proper in the Portland Division of the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claim arose in this Judicial District because a substantial part of the events giving rise to the claims occurred in Washington County which is in the Portland Division.

5.     Deputy Leinenbach requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

6.     To the extent applicable to any claims alleged herein, Deputy Leinenbach complied with the Oregon Tort Claims Act.

7.     On October 10, 2016, Deputy Leinenbach sent a Notice of Tort Claim by first-

PAGE 2 – COMPLAINT AND DEMAND FOR JURY TRIAL

class mail to the Washington County Risk Manager and to Washington County Counsel, making a claim against Washington County, Oregon.

8.      On October 14, 2016, Deputy Leinenbach sent a Supplemental Notice of Tort Claim by first-class mail to the Washington County Risk Manager and to Washington County Counsel, making a claim against Washington County, Oregon.

9.      On October 5, 2017, Deputy Leinenbach sent a second Supplemental Notice of Tort Claim by first-class mail to the Washington County Risk Manager and Washington County Counsel, making a claim against Washington County, Oregon.

10.     All preconditions to jurisdiction pursuant to 42 U.S.C. §2000e-5 have been satisfied.

        a.      On February 20, 2017, Deputy Leinenbach filed a charge of employment discrimination and retaliation with the Oregon Bureau of Labor and Industries (BOLI), case no. DPEMDP170220-10174, for violation of Title I of the Americans with Disabilities Act and Oregon Unlawful Employment Practice.

        b.      On February 23, 2017, BOLI co-filed a charge with the Equal Employment Opportunity Commission (EEOC), charge no. 38D-2017-00328.

        c.      On July 31, 2017, BOLI issued right-to-sue letter for case no. DPEMDP170220-10174.

        d.      On September 7, 2017, the EEOC issued a right-to-sue letter for charge no. 38D-2017-00328 for violation of the ADA.

## PARTIES

11.     Deputy Leinenbach is a citizen of the United States of America. At all times relevant, Deputy Leinenbach was an employee of the County, working as a Deputy Sheriff

PAGE 3 – COMPLAINT AND DEMAND FOR JURY TRIAL

working in the Washington County Sheriff's Office (hereafter "WCSO").

      12.     Defendant Washington County (hereafter "the County") is a political subdivision of the State of Oregon. The County, through WCSO, operates the Washington County Jail where Deputy Leinenbach was employed.

## GENERAL FACTUAL ALLEGATIONS

      13.     At all times material, Deputy Leinenbach was an employee of the County. He worked as a deputy sheriff in the Washington County Sheriff's Office for approximately 19 years.

      14.     Deputy Leinenbach has a disability. He suffers from long-standing, permanent mental conditions, an anxiety disorder and a depressive disorder. These conditions substantially impair major life activities including sleeping and concentration.

      15.     Deputy Leinenbach disclosed his disability to the County on multiple occasions.

      16.     Deputy Leinenbach has taken protected family leave. The County pre-approved intermittent FMLA leave for Deputy Leinenbach. Deputy Leinenbach told Sergeant Todd Iverson that he was caring for his dying father-in law and he needed to take one day of family leave on May 9, 2016.

      17.     On May 10, 2016, Plaintiff arrived at the Washington County Jail prior to the beginning of his shift, changed into his uniform, and reported to briefing prior to 9:30 p.m. Deputy Leinenbach learned that the jail work schedule showed him as being on FMLA leave for the entire week rather than one day as requested. He was not allowed to go to his work assignment, but directed to meet with Commander Matthew Frohnert. Commander Frohnert has actual knowledge that Deputy Leinenbach suffers from chronic anxiety. Commander Frohnert said, "Multiple people have approached me recently with concerns about you. Several employees

PAGE 4 – COMPLAINT AND DEMAND FOR JURY TRIAL

had heard you make statements that are concerning." Deputy Leinenbach said, "You mean (Sergeant) Iverson?" Frohnert replied, "I can neither confirm nor deny that Iverson came to see me." Commander Frohnert then told Deputy Leinenbach that he was putting Deputy Leinenbach on paid administrative leave pending the result of an independent medical examination, because "with the way things are going today, we need to be careful." Deputy Leinenbach asked Commander Frohnert that if he passed the IME if there would be any repercussions. Commander Frohnert told Deputy Leinenbach that there would not be any repercussions. Commander Frohnert told Deputy Leinenbach that he would have to give him his facility key, employer issued firearm, and deputy badge and leave the premises.

18.      On June 16, 2016, Deputy Leinenbach met with David M. Corey, Ph.D., who conducted a psychological examination on Deputy Leinenbach. Very little of what Dr. Corey reported was accurate. However, Dr. Corey released Deputy Leinenbach to return to work on full duty. On June 18, 2016, Deputy Leinenbach returned to work.

19.      On July 28, 2016, Deputy Leinenbach was directed to meet with Sergeant Anthony Shaddy and Lieutenant Tristan Sundsted. Lieutenant Sundsted said that he knew it was a little late coming, but they were going to discuss their expectations. Deputy Leinenbach asked to have a union representative to be present. Lieutenant Sundsted said, "What for? You're not in trouble!" Lieutenant Sundsted's face turned red, he slapped a memo of expectations on the table, the volume of his speech increased, and he said, "We're just here to give you our expectations!"

20.      On August 2, 2016, Deputy Leinenbach delivered a letter to Lieutenant Sundsted in response to the memo of expectations.

21.      On August 4, 2016, Deputy Leinenbach sent Lieutenant Sundsted an e-mail asking if he had a chance to review the letter he sent him. On August 5, 2016, Deputy

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Leinenbach received an e-mail response from Lieutenant Sundsted telling Deputy Leinenbach that he had received it, and that he forwarded it to "HR."

22.     On August 24, 2016, Deputy Leinenbach received a later annual review that was due in May from Sergeant Shaddy. Based on one unfounded incident on February 15, 2016, the overall rating on the evaluation was "below standard." Deputy Leinenbach was rated below standard in two major categories: safety; and in following agency policies and procedures. Deputy Leinenbach asked Sergeant Shaddy how many times he had to send the evaluation "up the chain." Sergeant Shaddy said, "Three. It was challenging." Deputy Leinenbach wrote that he did not agree with the evaluation, that he had not been fully compensated for all hours worked, and that he was the subject of/or had witnessed harassment.

23.     A few days later, Deputy Leinenbach received an e-mail from Matt Dale of Washington County Human Resources ("HR") in which Dale wrote that Commander Frohnert thought Deputy Leinenbach would prefer meeting with Dale.

24.     On September 6, 2016, Deputy Leinenbach reported for an overnight shift that ended on September 7, 2016. On September 7, 2016, Deputy Leinenbach was injured on the job.

25.     On September 7, 2016, Deputy Leinenbach got off shift and met Matt Dale at the Washington County Public Services Building at 6:00 a.m. Mr. Dale greeted Deputy Leinenbach in motorcycle clothing. Deputy Leinenbach explained to him that he was very anxious and was concerned he would be fired. Mr. Dale told him that there is no way that was going to happen that he should be himself, relax, and not worry about anything. Mr. Dale, "I want the whole Jason here, the real Jason here." Mr. Dale told Deputy Leinenbach what an anxiety disorder is, what qualifies as a mental health disorder under the ADA, and what does not qualify. When Deputy Leinenbach began to talk about his mental disorder and how it affected him, Mr. Dale

PAGE 6 – COMPLAINT AND DEMAND FOR JURY TRIAL

became upset, his face turned red, his speech rate and volume increased, and he scolded Deputy Leinenbach for interrupting him. Mr. Dale said, "I let you talk and now you need to fucking let me talk." Deputy Leinenbach was taken aback by Dale's strong language and apologized for interrupting him. Mr. Dale replied saying, "You're damn right." Deputy Leinenbach reminded him that he was very stressed and anxious. Mr. Dale asked him, "Can you repeat that?" Deputy Leinenbach asked him what he wanted him to repeat. Mr. Dale said, "How about the last three minutes?" Mr. Dale never asked Deputy Leinenbach if he had any witnesses to harassing behavior. There was no engagement in the interactive process because Mr. Dale claimed that Deputy Leinenbach did not suffer from a disability.

26.     On or about September 8, 2016, Deputy Leinenbach requested a day of medical leave from work due to stress and anxiety over his conversation with Mr. Dale.

27.     On September 12, 2016, Deputy Leinenbach called in off work for a workers' compensation claim. Deputy Leinenbach contacted the County's claim administrator, Corvel, about the claim.

28.     On September 14, 2016, Deputy Leinenbach received an envelope from Washington County containing additional FMLA forms.

29.     On September 20, 2016, Deputy Leinenbach met with his primary physician to discuss his workers' compensation claim. The physician filled out the FMLA forms. The physician increased the dose of Deputy Leinenbach's medication for anxiety/depression, and released him back to work on September 21, 2016.

30.     On September 21, 2016, Deputy Leinenbach was interviewed by Alexis Ferguson in regards to his workers' compensation claim. That evening, He went back to work at the jail. After 10:00 p.m., Sergeant Massey entered the control room of the post where Deputy

PAGE 7 – COMPLAINT AND DEMAND FOR JURY TRIAL

Leinenbach was working and asked him to come talk to her.  Sergeant Massey said she could not make it through briefing without crying after her father passed away. Deputy Leinenbach became tearful over her loss and Sergeant Massey told Him to do one more round but she was going to send him home.

31.     On September 22, 2016, Deputy Leinenbach received a telephone call from Lieutenant Sundsted, who informed him that he only had five hours of paid time off left and that Deputy Leinenbach would have to write a memo to Pat Garrett to get approval to take any other time off. Deputy Leinenbach explained that he was not off work by choice and that he had been sent home by Sergeant Massey. Deputy Leinenbach told Lieutenant Sundsted that he wanted to make a complaint of harassment against Matt Dale in HR. Lieutenant Sundsted told Deputy Leinenbach to make a complaint with HR. Deputy Leinenbach called Steve Sanford, the HR Manager and left a message on his voicemail asking that he contact Deputy Leinenbach. Deputy Leinenbach then received a phone call from Lieutenant McCrea who works in the jail division for the WCSO. Lieutenant McCrea told Deputy Leinenbach that HR would not do an investigation on his complaint against Mr. Dale. He said that because of that, the Sheriff's Office would look into his complaint. Lieutenant McCrea told Deputy Leinenbach that the complaint would be handled by the Professional Standards Unit (PSU) team at the Sheriff's Office and that one of the investigators would be Sergeant Vance Stimler. Deputy Leinenbach received a telephone call from Sergeant Stimler, who scheduled a meeting with him for September 26, 2016, at 3:00 p.m.

32.     On September 26, 2016, Deputy Leinenbach spoke to Stacey Siemiller at Washington County who told him that she had approved his FMLA request.

33.     On September 27, 2016, Deputy Leinenbach returned to work. He was directed to

PAGE 8 – COMPLAINT AND DEMAND FOR JURY TRIAL

meet with Lieutenant Sundsted and Lieutenant McCrea who told him he did not need union

representation. Sundsted and McCrea placed Deputy Leinenbach on administrative leave

pending the outcome of a second IME by Dr. Corey because they had "concerns" about his

September 21, 2016 conversation with Sergeant Massey. Sundsted and McCrea confiscated

Deputy Leinenbach's key, firearm, and deputy badge. They escorted Deputy Leinenbach off the

property in the presence of his peers.

34.    On September 29, 2016, Ms. Siemiller sent Deputy Leinenbach approval of his

FMLA leave by e-mail.

35.    On October 6, 2016, Deputy Leinenbach went to a second IME with Dr. Corey.

When Deputy Leinenbach walked into Dr. Corey's office, Dr. Corey said, "You know what's

going to happen?" Deputy Leinenbach said, "What do you mean? Am I not going back to work?"

Dr. Corey said, "Yes, you are not going back to work. I apologize. I did you and the County a

disservice. I missed your anxiety." Dr. Corey said that when he first interviewed Deputy

Leinenbach he focused on anger issues, although Deputy Leinenbach did not have any anger

issues. Dr. Corey said, "What I am going to do for you is that write this in such a way that you

can get medical retirement." When Deputy Leinenbach later saw Dr. Corey's second report, he

realized that most of Dr. Corey's opinion rested on matters that Dr. Corey had not talked to him

about.

36.    On October 14, 2016, while Deputy Leinenbach was off on leave, he received a

call at home from Lieutenant Tristan Sundsted. Lieutenant Sundsted asked Deputy Leinenbach to

meet at the Keizer Station Starbucks, in Keizer, Oregon because he had something to hand him.

Deputy Leinenbach asked to meet at the WCSO, which Lieutenant Sundsted declined. Sundsted

said, "We are ready for you now. " Lieutenant Tristan Sundsted and Lieutenant Errol McCrae

PAGE 9 – COMPLAINT AND DEMAND FOR JURY TRIAL

met with Deputy Leinenbach at the Keizer Station Starbucks and handed him a letter stating that Deputy Leinenbach was being medically laid off, but if he was released to return to work by his doctor, he could reapply for a job.

37.     The discharge date was extended by agreement of the County Counsel so that Deputy Leinenbach could present a medical realign him to work. On November 4, 2016, Deputy Leinenbach was examined by a forensic psychiatrist, Ronald N. Turco, M.D. On November 10, 2016, Dr. Turco prepared a report concerning Deputy Leinenbach which addressed the opinions of David M. Corey, Ph.D. Dr. Turco wrote that Deputy Leinenbach was "in good contact with reality, not a danger to himself or others and can be returned to work at his usual position."

38.     On November 14, 2016, Dr. Turco's report was sent to Washington County Counsel. On November 15, 2016, Dr. Turco's report was sent to Mr. Sanford in HR. After Dr. Turco's report was received, the County put the medical lay off in abeyance but did not return him to work.

39.     On or about January 17, 2017, Deputy Leinenbach had a meeting with Steve Sanford and Commander Frohnert. In that meeting, he discussed his anxiety disorder and requested the following accommodations:

     a.     24 hour advance notice of any meeting with my supervisors that involve criticisms of my conduct, emotional condition, of others perceptions of him 24 hours' notice of topics to be discussed, and 24 hours advance review of any letter or document that will be presented to him in the meeting.

     b.     Recording of supervisory, counseling or disciplinary meetings, that Washington County to provide him with a copy of the recording promptly after the meeting closes, and that his supervisors not go on and off the record with him.

PAGE 10 – COMPLAINT AND DEMAND FOR JURY TRIAL

c.    Those supervisors discuss their specific performance issues with him in a non-threatening way at least 60 days in advance of his performance evaluation so he has the opportunity to meet expectations.

d.    That supervisors not ridicule him, not make fun of his anxiety symptoms, not make fun of his disability, refrain from speaking to him in a condescending manner, and to allow him to take a break away from his duty station, during meetings with supervisors, or in other interactions that may cause him anxiety.

e.    The County did not agree to grant any of the requested accommodations and did not suggest other ways to accommodate Deputy Leinenbach.

40.    During the January 17, 2017, meeting, Mr. Sanford said that he provided a copy of Dr. Turco's report to Dr. Corey for his review. Neither Mr. Sanford nor Commander Frohnert discussed any findings from Dr. Turco's report with Deputy Leinenbach. They also did not discuss Dr. Corey's first report. Instead, they insisted upon discussing Dr. Corey's very negative second report. When Deputy Leinenbach asked them about next steps, the only response Mr. Sanford gave Deputy Leinenbach was that he needed to call in each weekday between 8 a.m. and 9 a.m. Deputy Leinenbach requested that they promptly return him to work.

41.    On or about February 2, 2016, Deputy Leinenbach received a call from Mr. Sanford who said that the County was not going to return him to work until he went through a third IME with a different doctor. The EEOC has previously stated that when an employee provides sufficient evidence of the existence of a disability and the need for reasonable accommodation, continued efforts by the employer to require that the individual provide more documentation and/or submit to a medical examination could be considered retaliation.

42.    The County unreasonably delayed scheduling that examination. Deputy

PAGE 11 – COMPLAINT AND DEMAND FOR JURY TRIAL

Leinenbach was ordered to attend a May 22, 2017 exam by Eugene Klecan, M.D.

43.     On June 21, 2017, Sheriff Garrett issued a letter to Deputy Leinenbach placing him on involuntary medical lay off effective that date.

## FIRST CLAIM FOR RELIEF

### (Title I of the ADA)

### Count I – Discrimination

44.     Deputy Leinenbach realleges all relevant paragraphs.

45.     At all times material, the County was an employer for the purpose of, and subject to, the ADA.

46.     Deputy Leinenbach has an impairment, which substantially limits one or more major life activities, has a history or record of such impairment, or was regarded by the County as having such impairment.

47.     After Deputy Leinenbach disclosed his disability to the County, it began to discriminate against him as alleged above. Said discrimination was based on the County's failure to reasonably accommodate Deputy Leinenbach, disparate treatment, retaliation, and a hostile work environment.

48.     The County failed to engage in the interactive process with Deputy Leinenbach.

49.     Deputy Leinenbach requested reasonable accommodations from the County.

50.     At all relevant times, Deputy Leinenbach was able to perform the essential functions of his position, with or without reasonable accommodation.

51.     The County discharged Deputy Leinenbach.

52.     The County conduct violated 42 U.S.C. § 12112.

53.     As a result, Deputy Leinenbach suffered damage and is entitled to the damages

PAGE 12 – COMPLAINT AND DEMAND FOR JURY TRIAL

and other relief set forth below.

## Count II – Retaliation

54.     Deputy Leinenbach realleges all relevant paragraphs.

55.     The County retaliated against Deputy Leinenbach for pursuing his rights in accordance with the ADA. Such actions by the County are in violation of the ADA.

56.     As a result, Deputy Leinenbach suffered damage and is entitled to the damages and other relief set forth below.

## SECOND CLAIM FOR RELIEF

## (ORS 659A.103 et seq.)

57.     Deputy Leinenbach realleges all relevant paragraphs.

58.     Deputy Leinenbach is a 'disabled person' as defined at ORS 659A.104(1).

59.     The County is an 'employer' as defined at ORS 659A.106.

60.     After Deputy Leinenbach disclosed his disability to the County, it began to discriminate against him as alleged above. Said discrimination was based on its failure to reasonably accommodate Deputy Leinenbach, disparate treatment, retaliation, and a hostile work environment.

61.     The County failed to engage in the interactive process with Deputy Leinenbach.

62.     Deputy Leinenbach could perform the essential functions of his job with the County with or without the reasonable accommodations of allowing him to continue to work.

63.     The County's refusal to provide reasonable accommodations for his known disability constitutes discrimination against him pursuant to ORS 659A.103 et seq.

64.     As a result, Deputy Leinenbach suffered damage and is entitled to the damages and other relief set forth below.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

## THIRD CLAIM FOR RELIEF

## (FMLA – 29 U.S.C. § 2601 et seq.)

65.     Deputy Leinenbach realleges all relevant paragraphs.

66.     The County is an 'employer' within the meaning of 29 U.S.C. § 2611(4).

67.     The County employed at least 50 employees for each working day during each of 20 or more calendar work weeks in 2105 and 2016.

68.     At all times material, Deputy Leinenbach was an 'eligible employee' within the meaning of 29 U.S.C. § 2611(2).

69.     At all times in 2016, the County employed 50 or more employees with 75 miles of the worksite where Deputy Leinenbach performed work for it.

70.     The County employed Deputy Leinenbach for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave.

71.     The County employed Deputy Leinenbach for more than 12 months prior to commencing leave in 2015 and 2016

72.     At all times material, Plaintiff was an 'eligible employee' within the meaning of 29 U.S.C. § 2611(2).

73.     Deputy Leinenbach took medical leave and family leave protected by FMLA.

74.     At all material times, Deputy Leinenbach suffered from a serious health condition, as defined by 29 U.S.C. § 2611(11). At all times Deputy Leinenbach's family member suffered from a serious health condition as that term is defined by 29 U.S.C. § 2611(11).

75.     The County interfered, discriminated and retaliated against Deputy Leinenbach for engaging in the protected activity of taking medical and family leave under FMLA.

76.     The County interfered, discriminated and retaliated against Deputy Leinenbach

PAGE 14 – COMPLAINT AND DEMAND FOR JURY TRIAL

for taking medical leave by taking adverse employment actions against him, including, but not limited to, terminating him and refusing to reinstate his employment.

77.    As a direct and proximate result of the County's interference, discrimination and retaliation, Deputy Leinenbach has suffered lost income and will continue to suffer past and future wages, past and future benefits, and other expenses, all to his economic damages in an amount to be determined at trial.

78.    The court should enter an order declaring that the County violated the FMLA.

79.    To the extent any amount awarded to Deputy Leinenbach is for damages occurring prior to the entry of judgment, he is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

80.    Deputy Leinenbach is entitled to an award of liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A).

81.    Pursuant to 29 U.S.C. § 2617(a)(3), Deputy Leinenbach is entitled to an award of attorney's fees, expert fees, and costs incurred herein.

82.    Deputy Leinenbach is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## FOURTH CLAIM FOR RELIEF

### (OFLA – ORS 659A.150 et. seq.)

83.    Deputy Leinenbach realleges all relevant paragraphs.

84.    Deputy Leinenbach took medical leave protected by the Oregon Family Leave Act (OFLA).

85.    The County employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks in the years 2014, 2015, and 2016.

PAGE 15 – COMPLAINT AND DEMAND FOR JURY TRIAL

86.     The County employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks in the years 2015 and 2016.

87.     Immediately prior to commencing family leave in 2015 and 2016, Deputy Leinenbach worked for the County for more than 180 days.

88.     Deputy Leinenbach worked an average of more than 25 hours per week for the County during the 180 days immediately preceding the date on which he commenced leave.

89.     At all material times, Deputy Leinenbach had a serious health condition as that term is defined in ORS 659A.150(6). At all material times, Deputy Leinenbach cared for a family member who had a serious health condition.

90.     The County interfered, discriminated and retaliated against Deputy Leinenbach for taking family and medical leave by taking adverse employment actions against him, including, but not limited to, terminating his employment.

91.     As a result of the County's interference, discrimination and retaliation against him, Deputy Leinenbach suffered and continued to suffer economic losses.

92.     As a result of the County's discrimination and retaliation against him, Deputy Leinenbach is entitled to equitable relief and back pay.

93.     The court should enter an order declaring that the County violated the OFLA.

94.     To the extent any amount awarded to Deputy Leinenbach is for damages occurring prior to the entry of judgment, he is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

95.     Pursuant to ORS 659A.885(1) and ORS 20.107, Deputy Leinenbach is entitled to recover his reasonable attorney fees and costs, including expert witness fees.

96.     Deputy Leinenbach is entitled to post judgment interest on all damages, costs,

PAGE 16 – COMPLAINT AND DEMAND FOR JURY TRIAL

expenses, and fees from the date of judgment until the date paid.

## FIFTH CLAIM FOR RELIEF

### (ORS Chapter 659A.040 – Injured Worker Discrimination and Retaliation)

97.    Deputy Leinenbach realleges all relevant paragraphs.

98.    121. The County discriminated and retaliated against Deputy Leinenbach by changing the terms and conditions of his employment. The County's actions violated ORS 659A.040, are an unlawful employment practice, and caused Deputy Leinenbach economic and noneconomic damages.

99.    122. The County's unlawful employment actions were taken against Deputy Leinenbach in substantial part because of one or more of the following:

100.    Deputy Leinenbach reported an on-the-job injury;

101.    Deputy Leinenbach applied for benefits, invoked or utilized the procedures provided in ORS Chapter 656;

102.    As a result, Deputy Leinenbach suffered damage and is entitled to the damages and other relief set forth below.

## SIXTH CLAIM FOR RELIEF

### (Wrongful Termination)

103.    Deputy Leinenbach realleges all relevant paragraphs.

104.    The County's conduct, as alleged, was in retaliation for Deputy Leinenbach assertion of his state and federally protected rights to work in an environment free from discrimination, harassment, and otherwise hostile work environments, and as such constitutes a wrongful discharge under state common law.

105.    Deputy Leinenbach's remedies under state and federal statutory law do not

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

constitute a complete remedy for the damage the County has inflicted.

106.    As a result, Deputy Leinenbach suffered damage and is entitled to the damages and other relief set forth below.

## DAMAGES FOR PLAINTIFF'S FIRST, SECOND, FIFTH, AND
## SIXTH CLAIMS FOR RELIEF

107.    Deputy Leinenbach is entitled to equitable relief, including but not limited to, a declaration or order from the Court finding that the County violated his statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

108.    Deputy Leinenbach is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Deputy Leinenbach should be awarded economic damages in an amount determined fair by a jury.

109.    Deputy Leinenbach is entitled to non-economic damages sufficient to compensate him for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Deputy Leinenbach should be awarded non-economic damages in an amount determined fair by a jury.

110.    To the extent any amount awarded to Deputy Leinenbach is for damages occurring prior to the entry of judgment, he is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

111.    Pursuant to 42 U.S.C. § 1988, 42 U.S.C. §2000e-5, ORS 659A.885, ORS 20.107, Deputy Leinenbach is entitled to an award of attorney's fees, expert witness fees, and costs incurred herein.

112.    Deputy Leinenbach is entitled to post judgment interest on all damages, costs,

PAGE 18 – COMPLAINT AND DEMAND FOR JURY TRIAL

expenses, and fees from the date of judgment until the date paid.

## PRAYER FOR RELIEF

Plaintiff Jason Leinenbach prays for the following judgment against defendant Washington County, Oregon:

i.       A sum which will fully compensate him for his non-economic damages in a sum that is just as determined by a jury;

ii.      A sum which will fully compensate him for his economic damages in a sum that is just as determined by a jury;

iii.     Equitable relief, including but not limited to, reinstatement if he so chooses;

iv.      Liquidated damages;

v.       His costs and disbursements incurred herein;

vi.      His attorney fees; and

vii.     For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**

DATED: October 26, 2017.

**Law Offices of Daniel Snyder**

_/s/ Daniel Snyder_
Daniel Snyder, OSB No. 783856
dansnyder@lawofficeofdanielsnyder.com
Carl Post, OSB No. 06105
carlpost@lawofficeofdanielsnyder.com
John David Burgess, OSB 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249

Of Attorneys for Plaintiff

PAGE 19 – COMPLAINT AND DEMAND FOR JURY TRIAL